IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>BRYCE PAYNE, RYAN RIDDLE, and SCOTT LEAVITT.<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO DISMISS INDICTMENT BASED ON NON-PROSECUTION AGREEMENT AND SELECTIVE PROSECUTION**<br><br>Case No. 2:11-CR-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Bryce Payne filed a Motion to Dismiss Indictment Based on the Binding Non-Prosecution Agreement of the United States,[1] in which Defendants Ryan Riddle, and later, Scott Leavitt joined.[2] At the same time, Payne also filed a Motion to Dismiss Indictment for Illegal Selective Prosecution by the United States,[3] in which Scott Leavitt also joined.[4] The United States provided a consolidated response to Mr. Payne's motions,[5] and Mr. Payne filed a consolidated reply,[6] joined by Mr. Riddle.[7] For the reasons discussed below, the motions are DENIED.

---

[1] Motion to Dismiss Indictment Based on the Binding Non-Prosecution Agreement of the United States (Motion Based on Non-Prosecution Agreement), docket no. 623, filed September 6, 2015.

[2] Motion for Joinder by Defendant Ryan Riddle, docket no. 640, filed September 17, 2015; Order Granting Motion for Joinder, docket no. 642, filed September 21, 2015; Motion to Join by Defendant Scott Leavitt, docket no. 724, filed November 2, 2015; Order Granting Motion for Joinder, docket no. 732, filed November 2, 2015.

[3] Motion to Dismiss Indictment for Illegal Selective Prosecution by the United States (Motion Based on Selective Prosecution), docket no. 624, filed September 6, 2015.

[4] Motion to Join by Defendant Scott Leavitt, docket no. 725, filed November 2, 2015; Order Granting Motion for Joinder, docket no. 733, filed November 2, 2015.

[5] Consolidated Response to Defendants' Motions to Dismiss Indictment Based on Non-Prosecution Agreement and Selective Prosecution (Response), docket no. 644, filed September 21, 2015.

[6] Reply to the United States' Consolidated Response to Defendants' Motions to Dismiss Indictment Based on Non-Prosecution Agreement and Selective Prosecution (Reply), docket no. 659, filed September 28, 2015.

[7] [Notice of] Motion for Joinder by Defendant Ryan Riddle in Defendant Bryce Payne's Reply (Doc. No. 659), docket no. 665, filed October 1, 2015.

**BACKGROUND**

A change of plea hearing for Jeremy Johnson was held on January 11, 2013.[8] While the plea agreement was reviewed with Mr. Johnson during the plea colloquy, he was asked, "Has the government promised you anything else to get you to plead guilty?"[9] Mr. Johnson responded, "Yes. . . . They gave a list of people that they promised they wouldn't prosecute."[10] Mr. Johnson's understanding[11] of paragraph 13 of the plea agreement was then referenced and explored. The paragraph states:

> 13. The United States also states as follows:
>
> (a) Based solely on the evidence in the government's possession as of this date, including the defendant's statements inculpating himself in the commission of crimes arising out of the operation of the IW enterprise and exculpating subordinate IW employees, the government has determined that this Statement in Advance of Plea and the prison sentence contemplated thereby conclude the investigation and prosecution of the IW enterprise and those persons connected with the IW enterprise by the U.S. Attorney for the District of Utah. No matter referred to in this paragraph 13 is the subject of any threat, promise, or representation made to the defendant by the government to cause the defendant to plead guilty.[12]

Because Mr. Johnson would not confirm that he clearly understood this portion of the agreement, the prosecutor, Mr. Ward, and defense counsel, Mr. Crane, were asked if they wanted more time to discuss the issue with Mr. Johnson before proceeding.[13] Mr. Crane stated that the parties had discussed this issue. He explained that he and Mr. Johnson "had received assurances that whether Mr. Johnson plead guilty today or not, his mother, father, brother, wife, uncle, were

---

[8] Minute Entry for Change of Plea Hearing, docket no. 183, filed January 11, 2013.

[9] Change of Plea Hearing Transcript (Tr.) 16:13-14, docket no. 221, filed March 11, 2013.

[10] *Id*. 16:15-18.

[11] *Id*. 16:18-19:11.

[12] Statement by Defendant in Advance of Plea of Guilty Under Fed. R. Crim. P. Rule 11(c)(1)(C) (plea agreement), Response Ex. 7, docket no. 644-4, filed September 21, 2015.

[13] Tr. 19:9-11.

not going to be subject to any Indictment. That was our understanding."[14] Mr. Ward confirmed that understanding was correct.[15] Mr. Johnson then stated that there were more people that the government promised not to prosecute **"if I plead guilty."**[16] Mr. Johnson produced a list he claimed "was provided by Mr. Ward."[17]

After he reviewed the list, Mr. Ward explained that it was not a list of names the government had produced. The document was actually a copy of a slide from a PowerPoint presentation the prosecutors used as part of the plea negotiations with Mr. Johnson and Mr. Crane.[18] Mr. Ward stated that this slide

> listed potential people, who could potentially be charged in the I Works matter for both bank fraud and money laundering, and they include members of his family as well as the employees of the company. We didn't agree to any particular person, Your Honor. We just agreed there will be no further charges by our office against anyone for any activity arising out of the I Works Enterprise. That includes all these people.[19]

The copy of the slide was marked as an exhibit to the sentencing,[20] and the change of plea hearing proceeded. Mr. Johnson was asked: "With that clarification of what's meant by paragraph 13 A, is this your agreement, Mr. Johnson?"[21] In response, Mr. Johnson produced another list, and stated that he had been assured, **"as part of this plea,"** that this additional list of people would not be prosecuted.[22] This list of people is contained in an email from Mr. Johnson

---

[14] *Id*. 19:12-16.

[15] *Id.* 19:18-20.

[16] *Id*. 19:21-22 (emphasis added).

[17] *Id*. 19:25-20:1.

[18] *Id*. 20:3-13.

[19] *Id*. 20:14-21.

[20] *Id*. 21:5-10; PowerPoint slide, Response Ex. 8 (marked with exhibit 1 sticker), docket no. 649-4, filed under seal September 21, 2015. The PowerPoint slide was originally created by the United States Attorney's Office. Defendants Payne, Riddle and Leavitt are all named in this exhibit.

[21] Tr. 21:11-12.

[22] *Id*. 21:13-24 (emphasis added).

to Mr. Crane dated October 10, 2012 ("email list").[23] Mr. Ward verified that he was familiar with this additional list[24] and he again confirmed Mr. Johnson's understanding that the people on this list would not "be charged . . . for any crime arising out of the operation of the I Works Enterprise."[25] This list was also to be marked as an exhibit, as Mr. Ward agreed.[26] At this point, the proceedings recessed to allow the parties to resolve the issue.[27] When the hearing reconvened, the parties announced that the plea hearing would not go forward and Mr. Johnson could not "proceed with entering a guilty plea today."[28]

1. **MOTION TO DISMISS BASED ON NON-PROSECUTION AGREEMENT**

**Two Part Non-Prosecution Agreement**

Defendants Payne, Riddle and Leavitt (collectively, "Defendants") argue that they were part of a non-prosecution agreement between Defendant Jeremy Johnson and the United States. Defendants assert that "[t]he United States bound itself to not prosecuting [Defendants]; affirmatively and unequivocally agreeing and representing to the Court through its duly authorized agent, Mr. Ward, an attorney and officer of the court, that [Defendants] would not be prosecuted regardless of whether Mr. Johnson plead guilty."[29] A review of the record shows that this is simply not true. The non-prosecution agreement contained two distinct parts. The first part of the agreement was an unconditional non-prosecution agreement pertaining to five Johnson

---

[23] Email from Mr. Johnson to Mr. Crane dated October 10, 2012 (email list), Response Ex. 9, docket no. 649-5, filed under seal September 21, 2015. Defendants Payne, Riddle and Leavitt are not named in the email list.

[24] Tr. 22:4-6.

[25] *Id*. 21:25-22:3.

[26] *Id*. 22:7-8. The transcript does not indicate that the email list was ever marked or received as an exhibit. When the hearing concluded without a plea being entered, Mr. Ward stated, "we withdraw that exhibit that we previously furnished to the Court related to today's proceedings." Tr. 24:10-11. The withdrawal of "that exhibit" indicates only one exhibit, the copy of the PowerPoint slide, was marked and offered to the court during the hearing.

[27] *Id.* 22:9-11.

[28] *Id.* 23:12-13.

[29] Motion Based on Non-Prosecution Agreement at 5.

family members. The second part of the agreement, pertaining to Defendants Payne, Riddle and Leavitt, was dependent upon Mr. Johnson entering a guilty plea.

### A.     Unconditional Non-Prosecution Agreement for Five Specific Family Members

The transcript makes clear that there were distinct groups of people the prosecutor agreed would not be charged under separate conditions. The parties reached an agreement that certain specifically identified people, Mr. Johnson's "mother, father, brother, wife, uncle, were not going to be subject to any Indictment" regardless of whether Mr. Johnson entered a plea.[30] Mr. Ward agreed on the record that these five individuals would not be charged "[r]egardless of what happens."[31] These five people were identified prior to the discussion of any lists of other individuals. The record is clear, that even without Mr. Johnson's guilty plea, the parties agreed **only these five specifically identified individuals** would not be charged. Defendants Payne, Riddle, and Leavitt are not Mr. Johnson's mother, father, brother, wife, or uncle. Consequently, Defendants are not included in the specific group of Mr. Johnson's five family members that the prosecutor agreed would not be charged even if Mr. Johnson did not enter a guilty plea.

### B.     Non-Prosecution Agreement Dependent Upon Plea

After Mr. Ward agreed the five Johnson family members would not be prosecuted, the hearing continued for further review of the terms of the plea agreement. Mr. Johnson brought forward a list of names by stating, "But there's more people that, **if I plead guilty**, they have promised they won't harm that --."[32] At this point, Mr. Johnson produced the copy of PowerPoint slide with the names of various I Works associates, including Defendants. It is clear from Mr. Johnson's own statement that he knew he had to enter a guilty plea to obtain the prosecutor's

---

[30] Tr. 19:12-20.

[31] *Id*. 19:20.

[32] *Id*. 19:21-22 (emphasis added).

promise not to charge "anyone for any activity arising out of the I Works Enterprise."[33] The prosecutor did not adopt the PowerPoint slide as a list of individuals immune from prosecution, but instead made clear that the parties had not agreed to a list of any particular people. The parties "just agreed there will be no further charges by [the United States Attorney's Office for the District of Utah] against anyone for any activity arising out of the I Works Enterprise. That includes all these people."[34]

Following that clarification, Mr. Johnson produced another list of names contained in an email from Mr. Johnson to Mr. Crane.[35] Mr. Johnson claimed, **"as part of this plea,"**[36] this additional list of people would not be prosecuted. Again, while not adopting the list of names, Mr. Ward agreed, "None of those people are going to be charged by our office for any crime arising out of the operation of the I Works Enterprise."[37]

After this discussion and a short recess, the parties were unable to reach an understanding on the plea agreement. Mr. Johnson did not enter a guilty plea and the plea agreement was not signed. It is clear from the record that the United States' agreement not to prosecute Defendants or others on "the lists" for any crimes or activity arising out of the I Works Enterprise was conditioned on Mr. Johnson pleading guilty. Mr. Johnson acknowledged this himself when he said "if I plead guilty"[38] and "as part of this plea"[39] then other individuals involved with I Works would not be prosecuted. Because Mr. Johnson did not enter a plea under the agreement, the

---

[33] *Id*. 20:20-21.

[34] *Id*. 20:19-22.

[35] *See* email list. Defendants' names do not appear on the email list.

[36] Tr. 21:23 (emphasis added).

[37] *Id*. 21:25-22:3.

[38] *Id*. 19:21-22.

[39] *Id*. 21:23.

parties never had a binding agreement not to proceed with the prosecution of individuals involved in the I Works enterprise, including Defendants.

With the exception of the five Johnson family members, there was never an agreement not to prosecute others in the absence of Mr. Johnson's guilty plea. Accordingly, Defendants' Motion to Dismiss Based on Non-Prosecution Agreement is DENIED because any agreement not to prosecute Defendants Payne, Riddle and Leavitt was never finalized due to Mr. Johnson's failure to plead guilty.

### 2. MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION

Defendants[40] Payne and Leavitt argue that they have been singled out for prosecution while others similarly situated have not been prosecuted for the same conduct.[41] Defendants allege that "those identified in the [copy of the PowerPoint slide and email list] constitute an arbitrary classification of individuals, which the United States grouped together in order to coercively force Mr. Johnson to enter a plea."[42] Defendants further assert that the United States did not have probable cause to prosecute the named individuals, and these individuals were merely selected for prosecution "because of their association or personal relationships with Mr. Johnson."[43]

> In order to prevail on a claim of selective prosecution, a defendant must show that "he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him." In addition, the defendant must prove that the government's selection of him for prosecution "was invidious or in bad faith and was based on impermissible considerations such as . . . the desire to prevent the exercise of constitutional rights."[44]

---

[40] Defendant Riddle did not join in the Motion to Dismiss Based on Selective Prosecution.

[41] Motion Based on Selective Prosecution at 9; Reply at 12.

[42] Motion Based on Selective Prosecution at 8.

[43] *Id*.

[44] *U.S. v. Furman,* 31 F.3d 1034, 1037 (10th Cir. 1994) (quoting *U.S. v. Salazar*, 720 F.2d 1482, 1487 (10th Cir.1983), cert. denied, 469 U.S. 1110 (1985)).

Defendants claim that they were singled out for prosecution while others named in the PowerPoint slide or email list were not charged. Defendants offer no evidence to show that they were singled out for prosecution based on bad faith or "to prevent the exercise of constitutional rights."[45] As discussed earlier, and contrary to Defendants' argument, the prosecutor never adopted the lists produced by Mr. Johnson at the plea hearing as lists of people that would not be prosecuted regardless of whether Mr. Johnson pleaded guilty. At the plea hearing, the prosecutor only agreed that individuals on the lists, including Defendants, would not be charged for I Works related offenses when the I Works prosecution terminated upon Mr. Johnson's plea and sentence. Those identified in the copy of the PowerPoint slide[46] were not arbitrary, but contained the names of people involved with the I Works enterprise identified "directly from evidence."[47] The United States' commitment not to prosecute Defendants was conditioned upon Mr. Johnson's guilty plea, which did not happen. Therefore, the criminal case continued and, in addition to Mr. Johnson, Defendants Payne, Leavitt, and two other high level I Work employees were charged.

Defendants argue that the prosecutor threatened to charge Mr. Johnson's family, friends, and associates to induce Mr. Johnson to plead guilty when the prosecutor did not have probable cause to support the threat. But Defendants fail to explain how this affects the validity of the indictment against them. "United States Attorneys retain broad discretion to enforce the Nation's criminal laws. . . . As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have

---

[45] *Id*.

[46] The PowerPoint slide was originally created by the United States Attorney's Office; the email list was created by Jeremy Johnson, not the prosecutor.

[47] Response at 38.

properly discharged their official duties."[48] The Tenth Circuit "has held that government threats to prosecute third persons during plea negotiations are not necessarily unconstitutional."[49] But "prosecutors must have probable cause to indict the third person at the time they . . . communicate the threat."[50]

The reason for the PowerPoint presentation to Mr. Johnson during the plea negotiations was to show Mr. Johnson and his attorney "the details and merits of the government's case to promote settlement, and therefore included exhibits and statements taken directly from evidence that proved the elements of charges the government was proposing. By their nature, those exhibits and statements implicated the named potential defendants."[51] Additionally, shortly after the aborted plea hearing, a federal grand jury returned a superseding indictment[52] finding probable cause that Defendants Payne, Leavitt, and others named in the PowerPoint slide committed the alleged crimes. The superseding indictment by the grand jury demonstrates that the United States had probable cause to indict the Defendants at the time the PowerPoint was presented to Mr. Johnson.

In the final portion of this motion, Defendants argue that the United States did not produce the marked copy of the PowerPoint slide, causing spoliation of the evidence. In reality, the prosecutor had already provided a copy of the email list and Mr. Payne's counsel possessed a copy of the PowerPoint slide.[53] However, Mr. Payne's counsel still requested a copy of the

---

[48] *U.S. v. Armstrong*, 517 U.S. 456, 464 (1996).

[49] *U.S. v. Wright*, 43 F.3d 491, 498 (10th Cir. 1994) (citing *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir. 1986), *cert. denied*, 479 U.S. 988, 107(1986)).

[50] *Id*. at 499.

[51] Response at 38.

[52] Superseding Indictment, docket no. 211, filed March 6, 2013.

[53] Response at 15.

marked exhibit of the PowerPoint slide, which the prosecutor explained could not be located.[54] Subsequent to the filing of Mr. Payne's motion, the prosecutor found the marked copy of the PowerPoint slide and provided it to counsel.[55] Accordingly, this argument is moot having been resolved by stipulation of the parties.[56]

## ORDER

IT IS HEREBY ORDERED that the motions to dismiss are DENIED.[57]

Signed November 16, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[54] *Id*. at 16.

[55] *Id*.

[56] "Order to Show Cause Hearing set for 9/18/2015 at 10:00 AM is VACATED per stipulation of the parties. Signed by Magistrate Judge Paul M. Warner on 9/17/2015." Docket text (no docket number), filed September 17, 2015.

[57] Docket nos. 623 and 624.