IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>BRYCE PAYNE and SCOTT LEAVITT,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISQUALIFY, DISMISS OR SUPPRESS<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

      Defendant Bryce Payne moves to disqualify the United States Attorney's Office for the District of Utah or, alternatively to dismiss the indictment or suppress certain email communications.[1] The United States responded,[2] and Mr. Payne filed a reply.[3] Defendant Scott Leavitt joined in Defendant Payne's motion after it was fully briefed.[4]

      Defendants Payne and Leavitt ("Defendants") argue that the prosecution team should be disqualified because the prosecutors intentionally and improperly intruded into Defendants' attorney-client relationship by obtaining several emails between the co-defendants and Philip Gubler, General Counsel for iWorks, and two forwarded emails from Mr. Payne to the Ifrah Law Firm. For the reasons discussed below, the motion is DENIED.

---

[1] Motion to Disqualify Utah United States Attorneys [sic] Office or Alternatively to Dismiss the Indictment or Suppress the Communications (Motion), docket no. 684, filed October 9, 2015.

[2] Response to Motion to Disqualify, Dismiss, or Suppress (Response), docket no. 700, filed October 22, 2015.

[3] Reply to the United States' Response to Motion to Disqualify Utah United States Attorneys [sic] Office or Alternatively to Dismiss the Indictment or Suppress the Communications (Reply), docket no. 703, filed October 28, 2015.

[4] Motion to Join Defendant Payne's Motion to Disqualify Utah United States Attorneys [sic] Office or Alternatively to Dismiss the Indictment or Suppress the Communications, docket no. 726, filed November 2, 2015; Docket Text Order Granting Motion for Joinder, docket no. 734, filed November 2, 2015.

**BACKGROUND**

The United States filed its original Evidentiary Notice ("Evidentiary Notice")[5] identifying "potential co-conspirator statements it may seek to admit in this case pursuant to Rule 801(d)(2)(C) (authorized statements), (D) (statement of an agent or employee) and/or (E) statement of a coconspirator) of the Federal Rules of Evidence."[6] The Evidentiary Notice's Attachment A[7] is a list that provides descriptions of the proposed email exhibits. The United States produced a copy of all the items on the list ("*James* Notice Items") to defense counsel and the court on June 5, 2015.[8] Defendants claim that several items included in Attachment A are privileged attorney-client communications, and identify items 5, 131, 133, 134, 277, 279, 286, and 323 ("Gubler Communications") as "communications between several of the codefendants in this case and Phil Gubler, General Counsel for iWorks."[9] Additionally, after Mr. Payne reviewed the *James* Notice Items on October 7, 2015, he noticed that items 341 and 342 were two emails he had forwarded to attorneys at the Ifrah Law Firm in Washington, D.C. ("Ifrah Communications") when they "were providing counsel and legal advice for the production of documents requested by the Federal Trade Commission from iWorks pursuant to the Civil Investigative Demand by the Federal Trade Commission."[10]

The prosecution explains that the eight numbered Gubler Communications identified by Defendants, "only include four distinct communications from Gubler. The other four items are

---

[5] Evidentiary Notice Pursuant to Fed. R. Evid. 801(d)(2)(C), (D) and (E) (Notice) (Evidentiary Notice), docket no. 507, filed May 22, 2015.

[6] *Id*. at 1-2.

[7] Evidentiary Notice Attachment A (list), docket no. 507-1, filed May 22, 2015.

[8] Motion at 2; email from Robert Lunnen, AUSA, to Defendants' counsel (June 5, 2013), docket no. 693-1, filed under seal October 13, 2015.

[9] Motion at 3. These items will be identified as Gubler Communications.

[10] *Id*. at 2; Payne Declaration, docket no. 693-2, filed under seal October 13, 2015. These two items will be identified as Ifrah Communications.

either complete duplicates of the particular communication, or later emails in a chain which include the particular communication."[11] Specifically, *James* Notice Items 131, 133, and 134 are all copies of the same email chain communication and *James* Notice Items 277, 279, and 286 are all copies of another email communication. Further, the United States notes that *James* Notice Item 23 "includes the same Gubler email as nos. 277, 279 and 286, but omits the attached draft merchant account agreement."[12] The United States filed a Revised Attachment A (Revised Attachment A) to its October 2, 2015 Response to Motion for a *James* Hearing.[13] Revised Attachment A has approximately 150 fewer items than the first filing and it does not include items 133, 134, 341 or 342.

## GUBLER COMMUNICATIONS

On July 26, 2013, in the District of Nevada, United States Magistrate Judge George Foley, Jr., held a hearing in *Federal Trade Commission v. Johnson* ("FTC case")[14] "on the Emergency Motion for an Order allowing the FTC to review documents and information for which the defendants had waived privilege."[15] At the hearing, Judge Foley granted the FTC's motion[16] and ruled that "once the party has put into issue confidential communications, or its communications with its counsel on a subject matter, then the privilege is waived as to all . . . communications relevant to that subject matter."[17] Accordingly, the assertion of an advice of

---

[11] Response at 2-3

[12] *Id*. at 2 n.2.

[13] Response to Motion for *James* Hearing and Evidentiary Proffer on Admissibility of Out-of-Court Statements, docket no. 671, filed under seal October 2, 2015; redacted version, docket no. 669-1, filed October 5, 2015. Revised Attachment A, docket no. 671-1, filed under seal October 2, 2015.

[14] Case No. 2:10 CV 2203 (D. Nev.) (FTC case)

[15] Transcript of Emergency Motion Hearing (Motion Hearing Tr.) 2:20-23, July 26, 2013, Response Attachment B, docket no. 700-2.

[16] *Id*. 19:24-20:3.

[17] *Id*. 15:12-16.

counsel defense by the iWorks defendants in the FTC case resulted in a waiver of attorney-client privilege relating to communications between Mr. Gubler and the iWorks defendants, including all Gubler Communications identified by Defendants in this motion.

Shortly after Judge Foley's ruling, Phillip Gubler was deposed by the iWorks defendants in the FTC case on August 5, 2013.[18] Those attending Mr. Gubler's deposition included iWorks' counsel, other FTC case defendants, and the prosecutor from United States Attorney's Office for the District of Utah.[19] *James* Notice Items 133/134 (the same email item) and 323 were referenced and marked as deposition exhibits 1203 and 1204, respectively, without objection, while the federal prosecutor in the Utah criminal case was present.[20] Based on Judge Foley's earlier ruling and the presence of other parties (including the prosecution) participating in Mr. Gubler's deposition, privilege was waived as to any information or communication used or disclosed at the deposition.

On September 23, 2015, Judge Foley entered an order in the FTC case on FTC defendants' motion to seal certain exhibits to their Opposition to Plaintiff's Motion for Summary Judgment. ("FTC 1666 Order").[21]  In the FTC 1666 Order, the documents requested to be sealed are referred to by Motion to Seal (MTS) numbers, for tracking by the court.[22] MTS numbers 755 and 756 correspond to Gubler deposition exhibits marked 1203 and 1204, respectively (the same documents as *James* Notice Items 133/134 and 323, respectively).[23] Judge Foley allowed these

---

[18] Gubler Dep., August 5, 2013, Response Attachment C, docket no. 700-3.

[19] *Id*. at 2-3. "On April 11, 2013, Magistrate Judge Foley had issued an order in the FTC case permitting the District of Utah U.S. Attorney's Office to attend and monitor all civil depositions. (FTC Case Doc. 941)." Response at 4 n.3.

[20] Gubler Dep. 144-49.

[21] Order, Case No. 2:10-cv-2203-MMD-GWF (D. Nev.) Doc. No. 1666, entered September 23, 2015, Response Attachment E, docket no. 700-5 (FTC 1666 Order).

[22] *Id*. at 2.

[23] Exhibit A to [FTC defendants'] Renewed Motion to File Under Seal (relevant excerpt pp. 12-13), Response Attachment F, docket no. 703-2, filed under seal October 23, 2015.

to be filed under seal in the FTC case because the FTC did not object.[24] Defendants urge that "[i]t should be inferred the Federal Trade Commission recognized these documents as subject to the attorney-client privilege."[25] No inferences will be made from the language in the order. The FTC 1666 Order does not state that the items are privileged and Judge Foley did not find that they were privileged. These specific items, marked as exhibits used in the Gubler deposition, were sealed because there was no objection to sealing them.

In the same FTC 1666 Order, Judge Foley further clarified that the iWorks defendants "waived the privilege by marking the exhibits in the depositions."[26] Consequently, Defendants waived privilege to items marked and used in Mr. Gubler's deposition, including *James* Notice Items 133/134 and 323 marked as exhibits 1203 and 1204 in the Gubler deposition and privilege has also been waived for *James* Notice Item 131, which is the same email as *James* Notice Items 133/134.

Waiver of privilege as to attorney-client email communications was addressed in the Notice of Treatment of Attorney-Client Materials ("Notice of Treatment") filed by the United States.[27] The Notice of Treatment included a description of the protocol the United States used to segregate potentially privileged material, and included a list of attorney names whose communications were sequestered prior to review by the prosecution team. The names were determined in consultation with the FTC counsel, based on their familiarity with the civil litigation prior to the seizure of the email databases.[28] The name "Phillip Gubler" was included in the list of attorney names. The Notice of Treatment specifically advised Defendants that

---

[24] FTC 1666 Order at 2-3.

[25] Reply at 3.

[26] FTC 1666 Order at 3.

[27] Docket no. 363, filed March 11, 2014.

[28] Notice of Treatment at 5-7; Notice of Treatment Attachment D, docket no. 363-4.

the deposition of Mr. Gubler and any attachments, are not subject to privilege because any privilege has been waived.

The defense has waived any attorney-client privilege because a court order from the District of Nevada, allowed the presence of third-parties at depositions. (Attachment A). Additionally, the Nevada court also concluded that the defendants had waived any claims to attorney-client privilege with respect to Gubler, because they had asserted an advice-of-counsel defense. (Attachment B).[29]

In the nearly 21 months since the filing of the Notice, Defendants did not file a response or objection to the Notice, and failed to timely assert any privilege in communications between themselves and Gubler. Having failed to timely assert the privilege, Defendants have waived it.[30] Additionally, an *in camera* review of *James* Hearing Items 5, 23, 277, 279, and 286 revealed no basis for a privilege claim.

## IFRAH COMMUNICATIONS

Defendants complain that the prosecution reviewed two emails that Mr. Payne forwarded to attorneys at the Ifrah Law Firm in Washington, D.C. when they "were providing counsel and legal advice for the production of documents requested by the Federal Trade Commission from iWorks pursuant to the Civil Investigative Demand by the Federal Trade Commission."[31] *James* Notice Item 341 is an email captioned "FW: Incentivized traffic" forwarded by Bryce Payne to three people at ifrahlaw.com.[32] *James* Notice Item 342 is an email captioned "FW: Corp Information" forwarded by Bryce Payne to three people at ifrahlaw.com.[33]

---

[29] Notice of Treatment at 7-8.

[30] *United States v. Ary*, 518 F.3d 775, 784 (10th Cir. 2008) (defendant did not assert in a timely fashion and waived his attorney-client privilege for documents seized pursuant to a search warrant when he waited six weeks to assert such protection).

[31] Motion at 2; Payne Declaration, docket no. 693-2, filed under seal October 13, 2015.

[32] Email from Bryce Payne to Amy Lloyd, Jeff, and Jeff Hamlin, Ifrah Law (October 8, 2010), docket no. 693-2, filed under seal October 13, 2015.

[33] Email from Bryce Payne to Amy Lloyd, Jeff, and nkardell, Ifrah Law (October 8, 2010), docket no. 693-2, filed under seal October 13, 2015.

The United States explains that its capture and review of these emails "was inadvertent, not purposeful."[34] As explained in the Notice of Treatment, a protocol was used to sequester potentially privileged materials from the seized email databases prior to review by the prosecution. "Included in the list of attorney names were 'Jeff Ifrah' and 'Amy Loyd, Ifrah PPLC'."[35] Because the filtering process was specific, any names spelled incorrectly or variations of the names may not have been properly filtered, such as Amy Lloyd's name that was misspelled as "Loyd" in the filtering process.

Additionally, the prosecution's review of the two emails was "inadvertent and limited."[36] The emails' subject lines suggested that the contents dealt with issues involved in the criminal case, and that is why the United States included the emails in the first *James* Notice "without serious review or analysis."[37] Further, an *in camera* review of the two emails revealed no basis for a privilege claim. And as Defendants' motion requests, the prosecution has withdrawn these specific emails from consideration or use at trial.

As with the Gubler emails, Defendants have waived privilege by failing to timely assert it. Defendants have had notice that the prosecution possessed the two emails since June 6, 2015.[38] More than four months later, Defendants raised the issue of privilege for the first time in the current motion. Under *Ary*, Defendants waived attorney-client privilege when they failed to timely assert the privilege.[39]

---

[34] Response at 17.

[35] *Id*. at 8.

[36] *Id*. at 17.

[37] *Id*.

[38] Motion at 2 ("the materials were produced on June 5, 2015, and obtained by defense counsel on or about June 6, 2015").

[39] *Ary*, 518 F.3d at 784 (citing *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir.1992)).

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion[40] is DENIED.

Signed December 2, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[40] Docket no. 684.