IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>SCOTT LEAVITT and BRYCE PAYNE,<br><br>　　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS INDICTMENT FOR INSUFFICIENT PLEADING**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Scott Leavitt filed a motion to dismiss the indictment for insufficient pleading under Federal Rule of Criminal Procedure 7(c)(1),[1] and Defendant Bryce Payne joined in the motion.[2] Many of the arguments raised in this motion were advanced by Defendants in their Motion for a Bill of Particulars,[3] which was denied with the finding "that the Third Superseding Indictment, along with the discovery produced by the United States, provides Defendants with the adequate notice and detail necessary to prepare their defense for trial."[4] After a thorough review of the Motion, the prosecution's Response,[5] and Defendants' Reply,[6] the Motion to Dismiss is DENIED.

---

[1] Motion to Dismiss Specific Counts of the Third Superseding Indictment for Insufficient Pleading as a Matter of Law (Motion), docket no. 720, filed October 30, 2015.

[2] Motion for Joinder, docket no. 737, filed November 8, 2015; Docket Text Order granting Motion for Joinder, docket no. 742, filed November 9, 2015.

[3] Motion for a Bill of Particulars, docket no. 600, filed August 22, 2015.

[4] Memorandum Decision and Order at 9, docket no. 704, filed October 26, 2015.

[5] Response to Motion to Dismiss Indictment (Response), docket no. 750, filed November 13, 2015.

[6] Reply in Further Support of Motion to Dismiss Specific Counts of the Third Superseding Indictment for Insufficient Pleading as a Matter of Law (Reply), docket no. 768, filed November 20, 2015.

## DISCUSSION

Defendant Leavitt and Payne assert that all counts against them should be dismissed because the Third Superseding Indictment does not meet the requirements of the Constitution and pleading standards set out in Federal Rule of Criminal Procedure 7(c)(1).[7]

> An indictment is sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.[8]

"It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished."[9] When the indictment quotes the statutory language, including the date, place and nature of the illegal activity, it "need not go further and allege in detail the factual proof that will be relied upon to support the charges."[10]

> The test is not whether the indictment could have been made more definite and certain. Rather, before a conviction, the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense.[11]

---

[7] Motion at 2 (citing U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation.") and Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").

[8] *U.S. v. Kilpatrick*, 821 F.2d 1456, 1461 (10th Cir. 1987).

[9] *U.S. v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (internal quotations and citations omitted).

[10] *Id*. (internal quotations and citations omitted).

[11] *Kilpatrick*, 821 F.3d at1461 (citations omitted).

## Count 1 – Conspiracy 18 U.S.C § 371[12]

To charge a defendant with Conspiracy under § 371, the indictment must allege: "(1) there was an agreement to violate the law, (2) the defendant knew the essential objective of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy, (4) an overt act was committed in furtherance of the conspiracy, and (5) the coconspirators were interdependent."[13] Although an indictment must contain the underlying offenses committed during the conspiracy, "'the elements of the underlying offense need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on the underlying offense.'"[14] Defendants argue that Count 1 does not allege an agreement to violate the law, interdependence, or the intent to make material misrepresentations.[15]

> The Conspiracy charged in Count 1 of the Indictment states,
>
> Bryce Payne, Scott Leavit [sic], . . . and others known and unknown to the grand jury, did *willfully and knowingly . . . agree with each other*, and with other persons unknown to the Grand Jury, to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 1014 (False Statement to a Bank); Title 18, United States Code, Section 1343 (Wire Fraud), and Title 18, United States Code, Section 1344 (Bank Fraud), all in violation of Title 18, United States Code, Section 371.[16]

The allegation in Count 1 goes on to state that the object of the conspiracy was "to fraudulently obtain new merchant accounts."[17] Taken together, this language covers the first three elements of conspiracy: it provides Defendants sufficient notice that they are charged with "willfully and

---

[12] Third Superseding Indictment (Indictment) at 8, docket no. 584, filed August 5, 2015.

[13] *U.S. v. Bedford,* 536 F.3d 1148, 1156 (10th Cir. 2008).

[14] *Id*. (quoting *U.S. v. Daily*, 921 F.2d 994, 999 (10th Cir. 1990).

[15] Motion at 5-6.

[16] Indictment at 8 (emphasis added).

[17] *Id*. at 9.

knowingly" agreeing to violate the listed statutes "to fraudulently obtain new merchant accounts."[18]

Count 1 also contains a lengthy description of the "Manner and Means of the Conspiracy"[19] which lists numerous different steps taken by the members of the conspiracy to further the objective of the conspiracy, along with detailed descriptions of "Overt Acts"[20] Defendants committed to accomplish the objective of the conspiracy. While the indictment does not specifically use the term "interdependent," the "Manner and Means of the Conspiracy" and "Overt Acts" sections of the indictment describe Defendants' interdependent behavior. Further, because "the elements of the underlying offense need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on the underlying offense,"[21] the indictment informed Defendants of the underlying offenses of the conspiracy charge, even though it may not have used the specific terms Defendants argue should have been included.[22] Accordingly, the indictment properly informed Defendants that they were charged with agreeing with each other to violate the underlying offenses listed by statute, by knowingly and willfully engaging in fraudulent and deceptive conduct to obtain new merchant accounts.

### Counts 2-11 – False Statement to a Bank 18 U.S.C § 1014[23]

False Statement to a Bank under 18 U.S.C. § 1014 requires that: (1) a defendant knowingly made a false statement; (2) to a federally insured bank; (3) the defendant knew the statement was false when made; and (4) the defendant intended to influence the bank to take

---

[18] *Id*.

[19] *Id*. at 9-13.

[20] *Id*. at 13-18.

[21] *Bedford,* 536 F.3d at 1156.

[22] *Id*.

[23] Indictment at 18.

action.[24] This charge does not require proof that the bank was actually influenced or misled. And the defendant does not need to submit a statement directly to the bank. "It is sufficient that the defendant submit the statement to a third party, knowing that the third party will submit the false statement to the federally insured bank."[25] Defendants assert that the indictment fails to allege "in what way the defendants statements were intended to influence a bank;" "whether statements had the tendency to influence any decision" by the bank; and who made each statement.[26]

> False Statement to a Bank is charged in Counts 2-11 of the indictment, which states:
>
> Jeremy Johnson, Scott Leavitt, Bryce Payne and Ryan Riddle . . . aided and abetted by each other, did knowingly make false statements for the purpose of influencing the actions of Wells Fargo Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in that the defendants stated and caused to be stated false information on merchant account applications for one or more of the following entries on each of the merchant account applications listed in the chart below . . . .[27]

The chart contained in Counts 2-11 lists the date, the shell company, and each defendant named in each count.

In Counts 2-11 and the earlier paragraphs incorporated into these counts,[28] the indictment states that Defendants made the false statements to influence the bank to allow them to obtain new merchant accounts. The indictment further sets out all the elements of the statute in alleging that the false statements were made "for the purpose of influencing the actions of Wells Fargo Bank" to obtain merchant accounts. The chart contained in Counts 2-11 lists which defendants are charged in each count, and that they aided and abetted each other. These counts of the indictment are sufficiently pled.

---

[24] Response at 8 (citing Tenth Circuit Criminal Pattern Jury Instruction 2.48).

[25] *Id*.

[26] Motion at 6-7.

[27] Indictment at 18-19.

[28] *Id*. at 3-5, 7-18.

### Counts 12-32 – Wire Fraud 18 U.S.C. § 1343[29]

Wire Fraud under 18 U.S.C. § 1343 makes it a crime to use interstate wire communications to carry out a scheme or artifice to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises that were material.[30] Counts 12-32 incorporate all the preceding paragraphs in the indictment and states that the Defendants:

> aided and abetted by each other, knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme and attempting to do so, caused the transmission of writings, signs, and signals in interstate and foreign commerce, with each such violation affecting a financial institution and constituting a separate count of the Indictment . . . .[31]

The charges include a table listing each charged defendant in each count, the date of the wire, and a description of the wire transmission in interstate commerce, including the location of the sender and recipient.[32] Defendants claim that the indictment fails to inform them of the scheme alleged; fails to identify which financial institution was affected and the manner it was affected; and fails to account for the principle-agent relationship of Wells Fargo and Cardflex.[33]

"A scheme to defraud focuses on the intended end result and affirmative misrepresentations are not essential."[34] An earlier incorporated paragraph of the indictment charges that Defendants sought "to fraudulently obtain new merchant accounts in other names from Wells Fargo in order to continue credit card sales on the Internet . . . ."[35] This provides

---

[29] *Id*. at 21.

[30] Response at 10 (citing Tenth Circuit Pattern Instruction 2.57; *U.S. v. Cochran,* 109 F.3d 660, 664-666 (10th Cir. 1997).

[31] Indictment at 21-22.

[32] *Id*. at 22-26.

[33] Motion at 7-9.

[34] *Cochran*, 109 F.3d at 664.

[35] Indictment at 9.

6

Defendants sufficient notice of the "intended end result' of the scheme to defraud was to obtain new merchant accounts.

The indictment also charges a scheme to obtain money and property by false pretenses. "[A] scheme to obtain money by false pretenses, representations or promises focuses instead on the means by which the money is obtained and particular false pretenses, representations or promises must be proved."[36] The table contained in Counts 12-32 of the indictment alleges the means Defendants used to obtain the merchant accounts by repeatedly wiring false and fraudulent merchant account applications. The indictment provides Defendants notice of both the "intended end result" and the means of the scheme.

Wells Fargo is named throughout the earlier and incorporated paragraphs in the indictment as the financial institution affected by the scheme to defraud to obtain merchant accounts.[37] The scheme to defraud affected the financial institution in exposing it to a risk of loss by causing it to open merchant accounts it would not have opened had it known the true identity of the merchant.[38] The indictment provides Defendants adequate notice that Wells Fargo is the financial institution affected and the potential risk of loss affecting Wells Fargo.

Defendants claim that the wire fraud counts are defective because the applications were submitted to agents of the bank rather than directly to the financial institution. But the indictment states that the defendants "caused the transmission" of the applications containing false and fraudulent information to Wells Fargo to open new merchant accounts, even if that submission was through CardFlex and Mach1. Further, the indictment includes sufficient

---

[36] *Cochran*, 109 F.3d at 664.

[37] *See, e.g.,* Indictment at 10-12.

[38] Indictment at 9.

allegations of fraud to "warrant an inference that the false statement is material."[39] These counts are sufficiently pled in the indictment.

### Counts 33-45 – Bank Fraud 18 U.S.C § 1344(2)[40]

Defendants raise the same arguments in with the Bank Fraud Counts 33-45 that they advanced with the Wire Fraud counts above. The same analysis applies in finding Counts 33-45 are sufficiently pled in the indictment.

### Counts 46-54 – Participation in Fraudulent Bank Activities 18 U.S.C. § 1005[41]

Defendants' arguments regarding Counts 46-54 had been addressed in an earlier order[42] denying a motion to dismiss Counts 46-54,[43] in which both Defendants Leavitt[44] and Payne joined.[45]

### Count 55 – Conspiracy to Commit Money Laundering 18 U.S.C § 1956(h)[46] and Counts 56-86 – Money Laundering 18 U.S.C. § 1957[47]

Defendants argue that "[t]he Indictment is insufficient regarding the money laundering charges because the government has not alleged 'substantial evidence of concealment.'"[48] Count 55 states that Defendants:

> did knowingly combine, conspire, and agree with each other, and with persons known and unknown . . . to knowingly conduct . . . financial transactions . . .

---

[39] *U.S. v. Cooper*, 283 F. Supp. 2d 1215, 1233 (D. Kan. 2003).

[40] Indictment at 26.

[41] *Id.* at 28.

[42] Memorandum Decision and Order Denying Motion to Strike or Dismiss Counts 46-54, docket no. 882, filed December 15, 2015.

[43] Defendant Riddle's Motion to Strike or Dismiss Counts 46-54 (Motion), docket no. 712, filed October 30, 2015.

[44] Motion to Join Defendant Riddle's Amended Motion to Strike or Dismiss Counts 46-54, docket no. 718, filed October 30, 2015; Docket Text Order granting Motion for Joinder, docket no. 729, filed October 30, 2015.

[45] Motion for Joinder, docket no. 715, filed October 30, 2015; Docket Text Order granting Motion for Joinder, docket no. 728, filed October 30, 2015.

[46] Indictment at 31.

[47] *Id*. at 33.

[48] Motion at 11.

> which involved the proceeds of specified unlawful activity . . . while knowing that such transactions were designed in whole or in part *to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity*, and . . . knew that the property involved . . . represented the proceeds of some form of unlawful activity . . . .
>
> . . . .
>
> The object of the conspiracy was *to conceal and disguise the location, source, ownership, and control of the proceeds* derived from credit card sales that were processed through fraudulently obtained merchant bank accounts and to transfer, distribute, and spend the proceeds of those credit card sales for the benefit of the defendants . . . .[49]

The element of concealment is clearly alleged in the indictment. Concealment may be shown through "statements by a defendant probative of intent to conceal; unusual secrecy surrounding the transaction; structuring the transaction in a way to avoid attention; . . . highly irregular features of the transaction; [or] using third parties to conceal the real owner . . . ."[50] Counts 55 and 56-86 incorporate all the preceding paragraphs of the indictment which describe Defendants actions to conceal that IWorks and Jeremy Johnson were the true owners of the new merchant accounts.

---

[49] Indictment at 31-32 (emphasis added).

[50] *U.S. v. Shepard*, 396 F.3d 1116, 1120 (10th Cir. 2005).

## ORDER

Based on the reasoning above, the Third Superseding Indictment provides Defendants with sufficient notice of all the allegations to meet the requirements of the Constitution and Rule 7(c).

IT IS HEREBY ORDERED that the Motion to Dismiss[51] is DENIED.

Signed January 22, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[51] Docket no. 720.