IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>JEREMY DAVID JOHNSON, SCOTT LEAVITT, BRYCE PAYNE, and RYAN RIDDLE,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUPPRESS AND DENYING REQUESTS FOR EVIDENTIARY HEARINGS**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

      Defendant Scott Leavitt filed a motion to suppress evidence and request for evidentiary hearing alleging that evidence gathered by the government should be suppressed "due to mishandling and loss of key Defendants' emails."[1] Defendants Riddle[2] and Payne[3] joined in the motion. The prosecution filed a consolidated response to this and other motions.[4] Subsequently, Defendant Johnson joined in Defendant Leavitt's motion[5] and Defendant Leavitt filed a reply.[6]

---

[1] Motion to Suppress Evidence and Request for Evidentiary Hearing (Motion), docket no. 721, filed October 20, 2015.

[2] Motion for Joinder by Defendant Ryan Riddle in Defendant Scott Leavitt's Motion to Suppress, docket no. 722, filed October 31, 2015; Docket Text Order Granting Motion for Joinder, docket no. 730, filed November 2, 2015.

[3] Motion for Joinder, docket no. 738, filed November 8, 2015; Docket Text Order Granting Motion for Joinder, docket no. 743, filed November 9, 2015.

[4] Consolidated Response to Defendant Leavitt's Motion to Compel Missing Emails and Gubler Files, Motion to Continue Dispositive Deadline, Notice of Reliance on Counsel Defense, and Motion to Suppress and Request for Evidentiary Hearing (Response), docket no. 749, filed November 13, 2015.

[5] Motion to Join Defendant Leavitt's Motion to Suppress Evidence and Request for Evidentiary Hearing (Johnson Motion to Join), docket no. 764, filed November 20, 2015; Docket Text Order Granting Motion for Joinder, docket no. 773, filed November 20, 2015.

[6] Reply in Further Support of Motion to Suppress Evidence and Request for Evidentiary Hearing (Reply), docket no. 769, filed November 21, 2015.

Although already requested, Defendant Leavitt filed another request for hearing on the Motion.[7] For the reasons set forth below, the Motion and requests for hearing are DENIED.

## DISCUSSION

Once again Defendants raise the issue of missing email data from the Zeus server. While acknowledging "that investigation into the loss is still being conducted by the U.S. Attorneys [sic] Office in coordination with the FBI,"[8] Defendants accuse the prosecution of mishandling the evidence causing the loss of Defendants' emails.[9] This allegation is unsupported by any evidence.

In October 2015, then-counsel for Defendant Johnson notified the prosecution at the United States Attorney's Office (USAO) "that there were blocks of data missing from the email boxes of Mr. Johnson, co-defendants, and government witnesses."[10] While Johnson has been a defendant in this case since June 2011[11], and was familiar with the Zeus server, he did not raise the issue of missing email data earlier. The court appointed receiver for iWorks in *Federal Trade Commission v. Jeremy Johnson*, Case No. 2:10-cv-2203 (D. Nev.) has had possession of the Zeus server since January 2011,[12] and was still in possession of the server when Defendant Johnson's counsel made the notification to the USAO. The receiver was still in possession of the server when Defendant Leavitt filed this motion. Recently, the server was released to Special

---

[7] Request for Evidentiary Hearing on Defendant Leavitt's Motion to Suppress Evidence, docket no. 987, filed January 13, 2016.

[8] Motion at 1 n.1.

[9] *Id*. at 1.

[10] Johnson Motion to Join at 1.

[11] Complaint, docket no. 1, filed June 10, 2011.

[12] Response at 4.

Agent Randy Kim by court order in the Nevada case.[13] Pursuant to that order, S.A. Kim is conducting a forensic investigation of the server at the Intermountain West Regional Computer Forensics Laboratory (IWRCFL) in Salt Lake City, Utah, for the purposes of

> ( 1) creating a clone of the Zeus server; (2) attempting to restore certain e-mails on the clone of the Zeus server generally described in the Emergency Motion and referred to as the Missing Data; and (3) attempting to determine when the Missing Data was deleted from the Zeus server.[14]

Until S.A. Kim took possession of the Zeus server, the prosecution has never had custody of this server, and has relied on the same data extractions as were delivered to the defendants. Consequently, "regardless of whether or not there are emails missing from the Manatt database and/or the Zeus hard drive, Defendants have the same data the Government has in its possession. They have every email and document the Government has obtained in this matter."[15] "[I]f the data is recoverable [from the Zeus server], it will be provided to Defendants."[16]

Defendants allege that their emails are missing during specific time frames.[17] "But not all emails during that time frame are missing. The prosecution provided a detailed *James* proffer of the emails they intend to use at trial *which include emails from the senders and timeframes Defendants claim are missin*g."[18]

As explained in an earlier order addressing the issue of these missing blocks of email data,

---

[13] Order Granting Receiver's Emergency Motion for Order Authorizing Receiver to Release Custody of the Zeus Server to Special Agent Randy Kim of the Federal Bureau of Investigation, Salt Lake City Division, for Cloning, Case No. 2:10-cv-2203 (D. Nev.), docket number 1826, filed January 8, 2016.

[14] *Id*. at 2.

[15] Memorandum Decision and Order at 6, docket no. 911, filed December 22, 2015.

[16] *Id*. at 7.

[17] Motion at 2; Johnson Motion to Join at 1-2.

[18] Memorandum Decision and Order Denying Motion to Continue Trial at 2, docket no. 828, filed December 11, 2015 (citing Response to Motion for *James* Hearing and Evidentiary Proffer, docket no. 671, filed under seal October 2, 2015 and Redacted Response, docket no. 669, filed October 5, 2015).

3

> The prosecution has worked with the same Zeus server data as was provided to the defendants. The prosecution is not relying on any data from the new data store [Defendants] feel[] should be pursued. [Defendants] offer[] no explanation for the belated discovery of the discrepancy in data file sizes.
>
> Further, the possibility of recovering meaningful data is unknown. . . . [The forensic] extraction process and actual ability to retrieve any data, whether there is actually missing email data [on the Zeus server], and the materiality of any data retrieved is all speculative, unsupported by evidence.[19]

Defendants' Motion also fails to identify what evidence they seek to suppress. Apparently, what Defendants are really seeking is an evidentiary hearing to obtain evidence that they may then seek to suppress.[20] As stated above, after S.A. Kim completes the forensic examination of the Zeus server, any recoverable data will be provided to Defendants. After review of the recovered data, Defendants may then seek remedies they deem appropriate. But Defendants could have done this long, long ago, if they truly had an interest in this data.

## ORDER

IT IS HEREBY ORDERED that the Motion to Suppress and Requests for Hearing[21] are DENIED.

Signed January 22, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[19] *Id*.

[20] Motion at 4 ("Defendant asserts that, based on the evidence that may be obtained in that hearing, he will seek the appropriate remedy, including potentially suppression of the evidence or dismissal.").

[21] Motion to Suppress Evidence and Request for Evidentiary Hearing (Motion), docket no. 721, filed October 20, 2015; Request for Evidentiary Hearing on Defendant Leavitt's Motion to Suppress Evidence, docket no. 987, filed January 13, 2016.