IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>SCOTT LEAVITT,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

　　　　Defendant Scott Leavitt filed an objection[1] to Magistrate Judge Paul M. Warner's order[2] which granted in part and denied in part a motion to quash or modify the subpoena served on Wells Fargo Bank, N.A. (Wells Fargo) by Defendant Leavitt.[3] Wells Fargo filed a response to the objection,[4] and Defendant Leavitt filed a reply,[5] and a supplemental memorandum.[6] The Objection is OVERRULED because Defendant Leavitt has not established that the Magistrate Judge's decision is "contrary to law or clearly erroneous."[7]

---

[1] Objection to Memorandum Decision and Order [Doc. 1051] (Objection), docket no. 1082, filed January 27, 2016.

[2] Memorandum Decision and Order (Order), docket no. 1051, filed January 24, 2016.

[3] Motion and Memorandum in Support of Objections and Motion to Quash or Modify Subpoena (Motion to Quash), docket no. 963, filed January 7, 2016.

[4] Response to Objection to Memorandum Decision and Order (Response), docket no. 1091, filed February 1, 2016.

[5] Reply in Support of Objection to Memorandum Decision and Order [Docket 1051] (Reply), docket no. 1099, filed February 2, 2016.

[6] Supplemental Memorandum in Support of Defendant's Objection to Memorandum Decision and Order [Docket 1051] (Supplemental Memo), docket no. 1103, filed February 3, 2016.

[7] Fed. R. Crim. P. 59 (a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.").

## DISCUSSION

Judge Warner's Order provides the background facts culminating in Wells Fargo's filing the Motion to Quash the subpoena issued by Defendant Leavitt.[8] After the motion was fully briefed, Judge Warner issued the Order granting the Motion to Quash.[9] Leavitt's Objection to the Order argues that the magistrate judge applied the wrong legal standard, and clearly erred in finding the items subpoenaed were irrelevant, that the subpoena was overbroad, and in considering other factors that Leavitt claims are not applicable.[10]

### *Nixon* Standard Applies

Rule 17(c) of the Federal Rules of Criminal Procedure states, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."[11] The Supreme Court has established a standard that the proponent of the subpoena must meet to survive a motion to quash. The Order cites to that standard set out in *United States v. Nixon*,[12] and states:

> A party seeking a subpoena duces tecum under Rule 17(c) must establish:
>
> "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"
>
> In order to meet this burden, Mr. Leavitt "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."[13]

---

[8] Order at 1-2.

[9] *See* Order.

[10] *See* Motion.

[11] Fed. R. Civ. P. 17(c)(2).

[12] 418 U.S. 683 (1974).

[13] Order at 2-3 (quoting *Nixon*, 418 U.S. at 699-700).

2

In applying the *Nixon* standard, Judge Warner acknowledged that Leavitt urged the court "to adopt the less-stringent standard in *United States v. Nachamie*, 91 F. Supp. 2d 552, 563 (S.D. N.Y. 2000)."[14] But after reviewing the case law, Judge Warner determined that the *Nixon* test was the appropriate "standard for determining whether to quash the subpoena."[15]

Leavitt objects to the use of the Supreme Court's *Nixon* test, and claims that it is the wrong legal standard to apply. Leavitt again asserts that the *Nachamie* test is the only applicable standard when a defendant subpoenas a third-party.[16]

In *Nachamie*, the district court recognized the Supreme Court's decision in *Nixon*, and acknowledged that the Supreme Court had adopted the four-part test set forth in *United States v. Iozia*, 12 F.R.D. 335, 338 (S.D.N.Y. 1952).[17] However, the district court questioned "whether it makes sense to require a defendant's use of Rule 17(c) to obtain material from a non-party to meet this same standard."[18] The district court then set forth its own standard for a Rule 17(c) defense subpoena for materials from third parties: "the only test for obtaining the documents would be whether the subpoena was: (1) reasonable, construed using the general discovery notion of 'material to the defense;' and (2) not unduly oppressive for the producing party to respond."[19] Yet, in actual application of the standard, the district court found that the subpoenas at issue met both the *Nixon* standard and its own.[20] Accordingly, because the district court found that subpoenas met the *Nixon* standard, its decision is not a rejection of that standard, and its critique of the standard is dictum.

---

[14] *Id*. at 3.

[15] *Id*.

[16] Objection at 2-4.

[17] *Nachamie*, 91 F. Supp. 2d at 562 (citing *Nixon*, 418 U.S. at 699-700).

[18] *Id*.

[19] *Id.*

[20] *Id*.

Leavitt also attacks the Magistrate Judge's application of the *Nixon* standard, stating: "As Leavitt has repeatedly explained, the Tenth Circuit has never applied *Nixon* to the present circumstances."[21] In all this tenacious argument, Leavitt fails to cite any Tenth Circuit authority for application of the *Nachamie* standard. Despite Leavitt's steadfast belief that the *Nachamie* is the only standard that applies, courts around the county have not readily adopted the lesser standard. As another district judge within the same district as the *Nachamie* court stated,

> Until the Supreme Court or the Second Circuit accepts Judge Scheindlin's analysis in *United States v. Nachamie*, 91 F.Supp.2d 552 (S.D.N.Y.2000)—which has not yet happened—this court will follow the Supreme Court's decision in *United States v. Nixon*, 418 U.S. 683 (1974), which binds me and which is not by its terms limited to subpoenas issued by the Government.[22]

The same reasoning applies here. Because a lesser standard has not been adopted by the Supreme Court or the Tenth Circuit, Judge Warner applied the correct legal the standard to the Rule 17(c) subpoena as announced by the Supreme Court in *Nixon*.

## Documents Sought by Subpoena are Not Relevant or Necessary

Leavitt asserts that Judge Warner clearly erred in finding that "[t]he documents Mr. Leavitt seeks are neither relevant nor admissible."[23] Leavitt claims that he has "shown how the information it seeks in the subpoena is necessary to disprove the government's allegations that the offenses were committed against a qualified financial institution."[24] As stated in an earlier order denying Leavitt's motion to dismiss,

> The "jurisdictional" or essential element of some of the crimes charged in this case, including 18 U.S.C. § 1014 (false statement to a bank), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1005 (participating in fraudulent banking

---

[21] Reply at 4.

[22] *United States v. Binday*, No. 12 Cr 152(CM), 2013 WL 4494659, at *1 (S.D.N.Y. Aug. 15, 2013).

[23] Order at 3.

[24] Objection at 4 (citing to Motion to Dismiss based on an Indisputable Lack of Subject Matter Jurisdiction (Motion to Dismiss), docket no. 1052, filed January 25, 2016. *But see* Memorandum Decision and Order Denying Motion to Dismiss, docket no. 1092, filed February 1, 2016).

activities), is that the bank must be FDIC insured. *This means that the prosecution must prove that element to carry its burden of proof on those counts.* Failure to do so would mean only that the prosecution failed to prove a federal crime had been committed.[25]

It is the prosecution's burden, not Leavitt's, to prove that the offenses involved Wells Fargo, and that it is a "qualified financial institution." Leavitt does not explain how he expects to obtain information from Wells Fargo that it is not the relevant entity. The quest is illogical. Further, Leavitt claimed that the evidence contained in the appendix[26] filed with the motion to dismiss "shows indisputably that [Wells Fargo, N.A.] did not open, provide, or establish, and was not involved in the operations of, any of the merchant accounts at issue in this case."[27] From this statement, it appears Leavitt has the evidence he needs. Mr. Leavitt has not shown he "cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial."[28]

When Leavitt originally subpoenaed Wells Fargo, he sought information that may have related to other defense theories no longer viable due to various court pretrial rulings since the subpoena was issued. Accordingly, Judge Warner correctly ruled that the information sought by the subpoena is not relevant or admissible.

### Other Claimed Errors

Leavitt claims that the Magistrate Judge committed clear error when concluding that "the subpoena is facially overbroad, not limited to a reasonable time frame, and seeks information

---

[25] Memorandum Decision and Order Denying Motion to Dismiss at 4, docket no. 1092, filed February 1, 2016. (Emphasis added).

[26] Appendix to Motion to Dismiss Based on an Indisputable Lack of Subject Matter Jurisdiction (Appendix), docket no. 1054, filed January 25, 2016 (containing 51 exhibits and 2,285 pages).

[27] Motion to Dismiss at 2, docket no. 1052.

[28] *Nixon*, 418 U.S. at 699.

available from other sources."[29] Leavitt also asserts "the Magistrate [Judge] cannot simply accuse Leavitt of delay."[30] Although the Order itself lacks some analysis on these points, it states that "the court agrees with Wells Fargo," thus adopting the points Wells Fargo advanced in its motion to quash[31] and reply[32] briefs.

Wells Fargo relied on *United States v. RW Professional Leasing Services Corporation*[33] which dealt with a claim that the subpoena was facially overbroad, because it was not limited to a reasonable time period, and sought information readily available from other sources. In that case, the court stated that "the test in *Nixon* requires that a party seeking the production of the documents demonstrate that the materials are (1) relevant; (2) admissible; (3) specifically identified; and (4) not otherwise procurable."[34] Wells Fargo argued that it is Leavitt's burden to meet this standard, and because he maintained that the *Nixon* standard did not apply, he failed to meet its standards.[35] Wells Fargo claimed that the subpoena served in December 2015, demanding "Wells Fargo produce unnecessarily overbroad categories of documents such as 'all communications,' 'any' 'contracts and agreements,' and 'all records' that are 'related to' dozens of parties and non-parties over a period going back as far as seven years"[36] does not meet the *Nixon* specificity requirement.

---

[29] Objection at 6 (quoting Order at 5).

[30] *Id*. at 9.

[31] Docket no. 982.

[32] Reply Brief in Support of the Objections and Motions to Quash or Modify Subpoena (Reply to Motion to Quash), docket no. 1021, filed January 20, 2016.

[33] 228 F.R.D. 158 (E.D.N.Y. 2005).

[34] *Id*. at 162 (citing *Nixon*, 418 U.S. at 699-700).

[35] Reply to Motion to Quash at 1-4.

[36] *Id*.at 1.

Wells Fargo also asserted that Leavitt did not demonstrate that the materials sought were "not otherwise procurable." Claiming that Leavitt did not meet this prong led to Wells Fargo's argument that the use of the subpoena was "a means to justify his own delay"[37] in seeking the materials and potential third-party information that he was aware had been produced years earlier.[38] "But rather than seek that information from named parties (including, as set forth above, Mr. Johnson and the Government), or serve a subpoena upon Wells Fargo years ago, Mr. Leavitt chose to wait till the eve of trial to serve the unnecessarily overbroad and burdensome Subpoena."[39]

The Order specifically states that "the court agrees with Wells Fargo" and the Magistrate Judge's ruling is not clearly erroneous in relying on Wells Fargo's arguments and cited authorities[40] applying the *Nixon* standard.

## ORDER

IT IS HEREBY ORDERED that the Objection[41] to the Magistrate Judge's Order is OVERRULED and the Decision is AFFIRMED.

Signed February 7, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[37] *Id*. at 8.

[38] *Id.*

[39] *Id*.

[40] Motion to Quash at 1, 4.

[41] Docket 1082.